UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RAMAR DANIELS,<br><br>    Petitioner,<br><br>  v.<br><br>DENNIS REGAL,<br><br>    Respondent. | )<br>)<br>)<br>)<br>) No. 1:21-cv-01611-TWP-DML<br>)<br>)<br>)<br>)<br>) |

**Order Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

This matter is before the Court on Petitioner Ra'Mar Daniels' ("Daniels") Petition for Writ of Habeas Corpus challenging a prison disciplinary proceeding identified as ISP 06-11-0010. For the reasons explained in this Order, Daniels' habeas petition must be **denied**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

**B. The Disciplinary Proceeding**

On November 6, 2006, Officer Bronson issued a Report of Conduct ("Conduct Report") charging Daniels with a violation of Code B-235, Fleeing. Dkt. 9-1. The Conduct Report states:

> At 500am, on 11/6/06 I (Ofc. T. Bronson) was coming down the back stairs. I stopped on the 200 (west) and saw offender Daniels (104542). I asked him "where he stayed" and he said "435." I contined to secure and walked back to the 400 range to see if offender Daniels was secured. Upon walking up to the cell, another offender lived there. Again I saw offender Daniels pass me on the backstairs of 200 west. I told him "you are interfering with count and with me securing. Where do you stay?" He said "327." I walked to the front of the range and went to unroll the 300 range. I noticed he walked pass 327. I started walking toward him. I asked again "where do you stay?" He said "right here" pointing to another cell. I told him to come to the office. He was handcuffed and escorted off the unit.

*Id.* (errors original).

Daniels received a copy of the Conduct Report and Screening Report on November 6, 2006. Dkts. 9-1, 9-2. He pled not guilty to the charge, requested a lay advocate, asked to call inmate Phillip White as a witness, and asked for video of the 200, 300, and 400 ranges. Dkt. 9-2.

Offender White provided the following statement:

> On the morning of the 6th of Nov the officer that was working had mistaken Daniels for being in cell CW435 which is my cell Phillip White he officer said he said that Daniels said it was his cell which I know he wouldn't do he would of gave the guard his own cell number if anything he did not flee on the officer or lie and say it was his cell the officer was mistaken.

Dkt. 9-6. Additionally, prison staff searched for the requested video evidence and stated that the camera did not "work this time and date." Dkt. 9-5.

A disciplinary hearing was held on November 13, 2006. Dkt. 9-4. Daniels commented that he was told he was fleeing. *Id.* Considering staff reports, Daniels' statement, evidence from witnesses, and the video review report, the hearing officer found Daniels guilty of violating Code B-235, Fleeing. *Id.* Daniels received the following sanctions: (1) a suspended six month term in disciplinary segregation; and (2) a deprivation of 90 days of earned credit time. *Id.*

Daniels filed an appeal to the Facility Head, challenging the sufficiency of the evidence supporting the determination of guilt. Dkt. 9-7 at 1. This appeal was denied on November 27, 2006. *Id.* at 2. His appeal to the Final Reviewing Authority was denied on December 29, 2006. Dkt. 9-8. Daniels filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in June 2021, several years after his appeals were denied.

### C. Analysis

Daniels presents three challenges to his disciplinary conviction: (1) he did not receive a hearing on the disciplinary charge; (2) the disciplinary conviction constitutes harassment and retaliation; and (3) insufficient evidence supports the disciplinary conviction because there is no allegation that Daniels "ran or fled" from the officer and he willingly submitted to restraints. Dkt. 1 at 3-4. For the reasons explained below, none of these challenges entitles Daniels to habeas relief.

### A. Unexhausted Arguments

Daniels alleges that he did not receive a hearing on his disciplinary charge and that his disciplinary conviction was the result of harassment and retaliation. Dkt. 1 at 4. The respondent contends that Daniels procedurally defaulted these claims because he did not raise them in his appeal to the Facility Head or the Final Reviewing Authority. Dkt. 9 at 10-12.

In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the Indiana Department of Correction Appeals Review Officer or Final Reviewing Authority may be raised in a subsequent petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Martin v. Zatecky*, 749 F. App'x 463, 464 (7th Cir. 2019); *Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002). Daniels filed timely appeals to the Facility Head and the Final Reviewing Authority, but these appeals addressed only one issue: the sufficiency of the evidence supporting his disciplinary conviction. *See* dkts. 9-7 and 9-8. He did not argue that he did not receive a hearing on the

disciplinary charge or that the disciplinary conviction was the result of harassment and retaliation. Because he did not present those two issues in his appeals, he may not pursue them in a petition for a writ of habeas corpus. *Jackson v. Wrigley*, 256 F. App'x 812, 814 (7th Cir. 2007) ("To avoid procedural default, an Indiana prisoner challenging a disciplinary proceeding must fully and fairly present his federal claims to the facility head and to the Final Reviewing Authority.").

Daniels alleges in his reply that the Indiana Department of Correction "hides [his] appeals or throws them away" and that he has no "copies to prove that he did file all his [] appeals on time." Dkt. 10 at 1. This argument misses the mark. The question in this case is not whether Daniels filed the required appeals; the record contains copies of the appeals he submitted to the Facility Head and Final Reviewing Authority. Dkts. 9-7 and 9-8. Here, the question is whether Daniels raised the arguments he presents now in his appeals. He did not. His failure to challenge the lack of a hearing and to assert his claims of harassment and retaliation in the disciplinary conviction appeals process means he cannot raise those arguments in this action.

Additionally, the respondent has demonstrated that "complete exhaustion is no longer available." *Martin*, 749 F. App'x at 464. At the time of Daniels' conviction, a first-level appeal needed to be submitted within 15 days of the disciplinary hearing and a second-level appeal needed to be submitted within 15 days of receiving the response to the first-level appeal. Dkt. 9-10 at 16. Those timeframes have expired, rendering complete exhaustion unavailable to Daniels. He has procedurally defaulted the claim that he was denied a hearing and the claim that his disciplinary charge was the result of harassment and retaliation.

### B. Sufficiency of the Evidence

Daniels also argues that there is not sufficient evidence to support his disciplinary conviction because there is no allegation that he "ran or fled" from the officer and he willingly

4

submitted to restraints. Dkt. 1 at 3. But "a hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat*, 288 F.3d at 981. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. Once the Court finds "some evidence" supporting the disciplinary conviction, the inquiry ends. *Jones v. Cross*, 637 F.3d 88881, 849 (7th Cir. 2011). The Court may not "reweigh the evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348.

Daniels was convicted of violating Code B-235 which prohibits "[f]leeing or physically resisting a staff member in the performance of his/her duty." Dkt. 9-10 at 18. The Conduct Report states that Daniels twice provided an incorrect cell assignment when Officer Bronson asked where Daniels stayed. Dkt. 9-1. As the respondent argues, *see* dkt. 9 at 15-16, these facts demonstrate that Daniels was avoiding Officer Bronson and being secured in his cell. *See also* dkt. 9-7 at 2 ("This is a serious security issue in a cell house. It is clear in reading the conduct report that you were avoiding the officer."). This is "some evidence" that Daniels fled from Officer Bronson while he was performing his duties.

Perhaps a different hearing officer could read the same Conduct Report and conclude that Daniels' conduct did not constitute "fleeing" or "resisting." But the Seventh Circuit has counseled district courts against substituting their judgment for prison officials' when it comes to interpreting prison rules. *See Crawford v. Littlejohn*, 963 F.3d 681, 683 (7th Cir. 2020) (reversing district court's grant of habeas relief based on "a reading of a prison regulation that differs from Indiana's understanding"). This Court therefore defers to the prison officials' determinations that Daniels

5

fled when he twice provided incorrect information about his cell assignment while Officer Bronson was securing inmates and conducting count.

Daniels' arguments that he did not run away from Officer Bronson and willingly submitted to restraints were appropriate arguments for him to raise in his defense, but they are beyond the scope of this Court's review. Because some evidence supported the hearing officer's determination of guilt, the Court cannot reweigh the evidence and conclude that Daniels did not flee or resist. *Rhoiney*, 723 F. App'x at 348.

### D. Conclusion

Ra'Mar Daniels' petition for a writ of habeas corpus challenging disciplinary case ISP 06-11-0010 is **denied**. His claims are **dismissed with prejudice**.

Final judgment consistent with this Order shall now issue.

SO ORDERED:

Date: 3/31/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

RAMAR DANIELS
104542
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064


David Corey
INDIANA ATTORNEY GENERAL
david.corey@atg.in.gov